# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Quinton L. Brown, | Civ. No. 10-3866 (JNE/JJK) |
| Petitioner, | |
| v. | **REPORT AND** |
| Scott Fisher, | **RECOMMENDATION** |
| Respondent. | |

Quinton L. Brown, #14282-045, FCI, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Karen B. Schommer, Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Doc. No. 1); Petitioner's Motion Requesting Equivalency of Bail Pending Fanial [sic] Disposition of § 2241 Petition, by Affording Petitioner Halfway House (Doc. No. 12); Petitioner's Motion to Grant the Relief Prayed for in the 28 U.S.C. § 2241 Petition (Doc. No. 14); and Petitioner's Motion for Writ of Mandamus (Doc. No. 15).  The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

discussed below, this Court recommends that Petitioner's Petition for Habeas Corpus relief, and the other pending motions, be denied.

## BACKGROUND

In 2001, Petitioner was convicted by a jury in the United States District Court for the Western District of Missouri for (1) conspiracy to distribute 500 grams or more of cocaine; (2) aiding and abetting the possession with intent to distribute 500 or more grams of cocaine; and (3) traveling in interstate commerce to promote the distribution of cocaine.  Petitioner was sentenced to 293-months imprisonment.  Petitioner filed a direct appeal, arguing the evidence to convict him was insufficient, and alleging three errors during sentencing.  The Eighth Circuit affirmed and denied rehearing.  *United States v. Brown*, 311 F.3d 886 (8th Cir. 2002).  The Supreme Court denied an untimely writ of certiorari.  *Brown v. United States*, 129 S.Ct. 2028 (2009).

Petitioner filed a timely initial § 2255 motion, alleging that his trial counsel was constitutionally ineffective for the following reasons:  (1) for advising Petitioner to proceed to trial rather than plead guilty; (2) because counsel suffered from a conflict of interest; (3) for failing to file a motion to suppress the evidence seized from an alleged illegal search; (4) for failing to call a co-defendant as a witness; and (5) for failing to object during trial to arguments made by the Assistant United States Attorney.  On July 8, 2004, the district court denied the claims without an evidentiary hearing.  The Eighth Circuit granted a certificate of appealability on two issues, but ultimately affirmed the decision of

the district court.  *Brown v. United States*, 178 Fed. Appx. 590 (8th Cir. 2006).  The Supreme Court denied certiorari.  *Brown v. United States*, 547 U.S. 485 (2006).

On May 23, 2007, Petitioner filed a motion seeking permission to file a successive § 2255 motion.  (Doc. No. 9, Decl. of Karen B. Schommer ("Schommer Decl.") ¶ 3, Ex. 9.)  In that motion, Petitioner argued that Detective Mark Sumpter, who was a witness for the Government, had committed perjury during the trial.  Petitioner based this claim on alleged discrepancies between Detective Sumpter's trial testimony and prior testimony during a detention hearing.  Petitioner claimed that the transcript of the detention hearing was "new evidence."  He also alleged that the Government had committed prosecutorial misconduct in presenting the alleged perjured testimony, and that his defense counsel was ineffective for failing to impeach Detective Sumpter with the prior testimony and for failing to present that testimony to the Eighth Circuit during the appeal.

In its response, the Government noted that Petitioner's claims were procedurally defaulted.  (Schommer Decl. ¶ 3, Ex. 10.)  The Government pointed out that the supposed "newly discovered evidence"—the detention-hearing transcript—was actually available during the trial, during the appeal, and during the first § 2255 proceedings, but Petitioner had not shown cause or prejudice for his failure to raise this claim in his initial § 2255 proceeding.  Furthermore, the Government argued that Petitioner's "new evidence" was not "exculpatory

3

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Bannister v. Delo*, 100 F.3d 610, 615 (8th Cir.1996) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)), and that the claim was one of legal innocence, not factual innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994). Therefore, Petitioner had allegedly failed to establish actual innocence. The Government also argued that minor discrepancies in testimony alone will not support a claim of perjury, and thus Petitioner had failed to prove his underlying claim. *See United States v. Hamilton*, 452 F.2d 472, 477 (8th Cir. 1971).

On October 25, 2007, the Eighth Circuit denied permission for Petitioner to file the successive motion, without a written opinion. (Schommer Decl. ¶ 3, Ex. 11.) Following that denial, on September 2, 2008, Petitioner moved to reopen his original § 2255 proceedings in order to present the same claims that he had raised in this failed successive § 2255 petition. (Schommer Decl. ¶ 3, Ex. 12.) The district court denied the motion. (*Id.*) The Eighth Circuit subsequently summarily denied a certificate of appealability, (Schommer Decl. ¶ 3, Ex. 13), and the Supreme Court denied certiorari. (Schommer Decl. ¶ 3, Ex. 14.)

On April 9, 2009, Petitioner filed a second request with the Eighth Circuit for permission to file a successive § 2255 motion. (Schommer Decl. ¶ 3, Ex. 15.) He again relied on the same alleged testimonial discrepancy that he relied on in his previous application filed in May 2007. On August 13, 2009, the Eighth

Circuit denied Petitioner's request for the second time.  (Schommer Decl. ¶ 3, Ex. 16.)

Petitioner then moved, in the original § 2255 case proceedings in district court, for permission to amend and supplement the record to include a full copy of the transcript of the detention hearing.  The district court denied the motion.  Petitioner again filed a notice of appeal, and the Eighth Circuit summarily affirmed.  (Schommer Decl. ¶ 3, Ex. 17.)

On June 15, 2010, Petitioner filed a third habeas application with the Eighth Circuit, seeking authorization to file a successive § 2255 motion asserting the same claims regarding Detective Sumpter's testimony at the detention hearing.  (*See* Schommer Decl. ¶ 3, Ex. 18 at Appellate Docket Entry dated June 15, 2010).  On July 14, 2010, the Eighth Circuit denied Petitioner permission to file a successive § 2255 motion.  (Schommer Decl. ¶ 3, Ex. 20.)  The Eighth Circuit also cautioned Petitioner "that further attempts to raise the same issue may subject him to sanctions."  (*Id.*)

Petitioner has now filed the instant habeas petition in the District of Minnesota, but this time he has filed a § 2241 habeas petition.  Once again, Petitioner seeks a new trial based on allegations that he received ineffective assistance of counsel at trial in 2001.  And, once again, he claims to have newly discovered information in the form of the transcript of the detention hearing held on May 24, 2001, that allegedly shows that trial counsel was deficient because he did not impeach Detective Sumpter at trial with testimony Sumpter gave at the

detention hearing.  As stated above, Petitioner first raised this claim about the discrepancies between Detective Sumpter's detention-hearing testimony and trial testimony on May 23, 2007, when Petitioner filed an application with the Eighth Circuit seeking permission to file a successive § 2255 motion.

Petitioner's claim is that at trial Detective Sumpter falsely testified about statements made by Petitioner when Sumpter interviewed Petitioner following his arrest.  At trial, Detective Sumpter testified that when he asked Petitioner what he and co-conspirator Roger Clark intended to do with the cocaine found in a bag that Clark carried off a Greyhound Bus, Petitioner allegedly replied, "I am not going to tell you where we were supposed to take the dope."  Detective Sumpter then described how Petitioner leaned back in his chair, smiled, and said, "You almost had me." *Brown*, 311 F.3d at 888.  Petitioner contends that Detective Sumpter should have been impeached with allegedly contradictory testimony at the preliminary/detention hearing.  At that hearing, Detective Sumpter testified that when he asked Petitioner where the bag containing the cocaine was destined to go, Petitioner responded by asking Sumpter if Sumpter had talked to Roger Clark.  When Sumpter responded that he had talked to Clark but he would not tell Petitioner what Clark said, Petitioner then, according to Sumpter's preliminary-hearing testimony, asked Sumpter if Petitioner could talk to Clark.  When Sumpter declined, Petitioner then said, "Well, I can't tell you what we were supposed to do then.  I'm not going to say anything." (Doc. No. 1, Ex. 2, 5/24/01 Detention Hr'g Tr. at 22–23.)  Thus, argues Petitioner, Sumpter did not testify at

6

the preliminary hearing about the damaging statements made to Sumpter that Sumpter later testified about at trial. Petitioner argues that he allegedly received constitutionally ineffective assistance of counsel because his trial counsel did not obtain a transcript of the detention hearing and impeach Sumpter with this prior testimony.

Petitioner contends that he has never had a merits review of this ineffective-assistance-of-counsel claim because: (1) his ineffective appellate counsel did not raise the issue on direct appeal; and (2) Petitioner was denied the opportunity to raise the claim in the successive § 2255 motion he filed on May 23, 2007, and in his later § 2255 filings.

## DISCUSSION

### I.   Standard of Review

Petitioner challenges his sentence and conviction in this § 2241 habeas petition as unconstitutionally imposed by the United States District Court for the Western District of Missouri. A challenge to the legality of a conviction is ordinarily brought under 28 U.S.C. § 2255. Indeed, generally, a federal prisoner can collaterally attack his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). "[P]ractical concerns led Congress, in 1948, to enact 28 U.S.C. § 2255, and to make it the main provision governing collateral attacks on convictions by federal prisoners." *Henderson v. INS*, 157 F.3d 106, 124 (2d Cir. 1998); *see also United States v. Hayman*, 342 U.S. 205, 212–19 (1952)

(explaining § 2255 legislative history).  Section 2255 "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement [as § 2241 requires]) so that they can be addressed more efficiently."  *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).

Habeas corpus petitions, however, are not completely foreclosed by § 2255 relief.  Although § 2255 affords federal prisoners a "remedy exactly commensurate with that which had previously been available by habeas corpus," *Hill v. United States*, 368 U.S. 424, 427 (1962), § 2255 recognizes that federal prisoners may resort to the traditional remedy of federal habeas corpus, pursuant to 28 U.S.C. § 2241, in the limited circumstances in which it "appears that the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of [the] detention," the so-called "savings clause" of § 2255.  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

Title 28 of the United States Code, Section 2241 states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws of the United States[.]."  *Id.* § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).

## II.     Analysis

The crux of the problem here is that Petitioner did not raise this specific ineffective-assistance-of-counsel claim in his initial § 2255 motion in 2004, and there was nothing to prevent him from raising the claim at that time.  The Eighth Circuit then rejected each of his subsequent attempts to file successive § 2255 petitions raising this claim, and he cannot now re-litigate through the § 2241 gambit.

Generally, a federal prisoner can exert a collateral attack to his federal conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  *Abdullah*, 392 F.3d at 959.  Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by a motion pursuant to this section [i.e. Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This Circuit's law is squarely in accord.  *See, e.g.*, *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241.").

Accordingly, § 2241 is not a legitimate vehicle for a § 2255 collateral attack unless Brown has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*

9

*v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (*per curiam*) (quoting 28 U.S.C. § 2255); *see also Von Ludwitz v. Ralston*, 716 F.2d 528, 529 (8th Cir. 1983) (*per curiam*). Petitioner has not met this burden. As the Eighth Circuit has emphasized, a defendant's failure to obtain relief under § 2255 does not render that remedy either "inadequate" or "ineffective" for § 2241 purposes. *See, e.g.*, *United States ex rel. Perez*, 286 F.3d 1059, 1061–62 (8th Cir. 2002) (describing the "inadequate or ineffective remedy" exception as a narrowly circumscribed 'safety valve'"); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *see generally Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (noting that "a prior unsuccessful § 2255 motion, or the inability to meet [the Antiterrorism and Effective Death Penalty Act ("AEDPA") of April 24, 1996] 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective" so as to allow a federal prisoner to file a habeas petition under § 2241) (emphasis in original); *In re Davenport*, 147 F.3d 605, 608–09 (7th Cir. 1998) (noting that it would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).

The record is clear that Petitioner has presented his claims earlier to the appropriate Courts, and was denied relief. Indeed, before filing this § 2241 petition, Petitioner sought and received review by the Eighth Circuit Court of Appeals in his third successive § 2255 application wherein he raised the same claims that he now brings to the Court here. In denying his third application, the

10

Eighth Circuit put Petitioner on notice that he may be sanctioned for any future attempts to have his successive claims reviewed by that Court.

In addition, the § 2255 remedy was not rendered inadequate or ineffective to test the legality of Petitioner's detention by Petitioner's failure to raise this version of his ineffective-assistance-counsel claim in 2004 when he filed his first § 2255 petition. And the fact that the Eighth Circuit denied his later attempts to file successive § 2255 petitions does not now entitle him to file a § 2241 habeas petition to bypass those rulings. Accordingly, this Court concludes that Petitioner's § 2241 petition is successive and does not qualify for the very narrow exception that permits federal prisoners to file § 2241 habeas petitions when the § 2255 remedy is inadequate or ineffective to test the legality of the detentions.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Doc. No. 1), be **DENIED**;

2. Petitioner's Motion Requesting Equivalency of Bail Pending Fanial [sic] Disposition of § 2241 Petition, by Affording Petitioner Halfway House (Doc. No. 12), be **DENIED**;

3. Petitioner's Motion to Grant the Relief Prayed for in the 28 U.S.C. § 2241 Petition (Doc. No. 14), be **DENIED**;

4. Petitioner's Motion for Writ of Mandamus (Doc. No. 15), be **DENIED**

**AS MOOT**; and

5. This action be **DISMISSED WITH PREJUDICE**.

Dated:  May 17, 2011

            <u>s/ Jeffrey J. Keyes</u>
            JEFFREY J. KEYES
            United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 31, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.